Filed 7/1/25  P. v. Robinson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

MICHAEL DEANDRE ROBINSON,

    Defendant and Appellant.

E083286

(Super.Ct.No. CR59050)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

In 1996, a jury convicted Michael Deandre Robinson of first degree murder (Pen. Code, § 187; unlabeled statutory references are to this code), two counts of attempted

1

first degree murder (§§ 664, 187), and discharge of a firearm at an inhabited dwelling (§ 246). The jury found that Robinson had personally used a firearm in the commission of the murder and attempted murder counts. (§§ 122022.5, subd. (a), 1192.7, subd. (c)(8).)

Robinson admitted a prior strike conviction (§ 667, subds. (c) & (e), 1170.12, subd. (c)) and a prior serious felony conviction (§ 667, subd. (a)), and he also admitted a prior prison term enhancement allegation (§ 667.5, subd. (b)). The trial court sentenced him to 25 years to life in state prison for the murder count, doubled for the prior strike, four years for each of the firearm enhancements, and life sentences with the possibility of parole for the attempted murder counts. The court stayed a term of five years for the discharge of a firearm count pursuant to section 654. The court imposed and executed an additional term of five years for the prior serious felony conviction and imposed but stayed an additional one-year term for the prior prison term enhancement.

In June 2022, the trial court received notice from the California Department of Corrections and Rehabilitation (CDCR) that Robinson was serving a term for a judgment that included a prior prison term enhancement that is now invalid under section 1172.75. In December 2023, at a hearing that was conducted off the record but with counsel for both parties present, the court declined to resentence Robinson, finding that he was not eligible for resentencing under section 1172.75.

On appeal, Robinson argues that section 1172.75 applies to defendants who have prior prison term enhancements that were imposed but stayed. We agree. The California Supreme Court so held in *People v. Rhodius* (June 26, 2025, S283169) __ Cal.5th __.

2

DISPOSITION

The trial court's order denying relief under section 1172.75 is reversed.  The matter is remanded to the trial court with directions to recall Robinson's sentence and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

3